George VAN NATTA
*v.*
DEPARTMENT OF REVENUE
(TC 3612)

Robert P. Van Natta, Van Natta & Peterson, St. Helens, represented plaintiff.

Rochelle Nedeau, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Decision for defendant rendered January 26, 1995.

**CARL N. BYERS, Judge.**

Plaintiff appeals from defendant's disallowance of contract logging costs for 1991 and the first half of 1992.

Plaintiff has owned timberland in Columbia County since 1940. For over 20 years, Van Natta Brothers, a partnership (logger), consisting of plaintiff's sons Robert and Kay, has logged the timber on plaintiff's land. Plaintiff has never had the timber clear cut, but requires the logger to selectively cut the largest trees from the thickest groves. Plaintiff believes this method maximizes his profit while providing a continuous harvest.

Although the contracts between plaintiff and the logger cover only six-month periods, they have been essentially the same for many years. For the first period in question, January-June 1991, the contract established a payment arrangement based upon a percentage split of gross receipts. Under the agreement, the land and timber owner (plaintiff) received 35 percent of the gross receipts, and the logger received 65 percent. Although it was stated in different terms, the payment arrangement for the two subsequent periods remained the same.

The contracts for July-December 1991 and January-June 1992 set base rates for the two parties using a fixed rate per thousand board feet or ton. Under the July-December 1991 contract, plaintiff was to receive $119 (35 percent) per thousand board feet for logs scaled and $14 per ton (35 percent) for wood sold by the ton. Logger was to receive $221 (65 percent) and $26 (65 percent), respectively. These base rates were adjusted on a percentage basis (65 percent for the logger, 35 percent for plaintiff) if the actual gross mill receipts exceeded or fell short of the sum of the contract rates. Under the January-June 1992 contract plaintiff was to receive $135 per thousand board feet and $15.40 per ton for wood sold by the ton, while the logger was to receive $250.50 per thousand board feet and $28.60 per ton. Any adjustments necessary would be at the same 35/65 percent split.

The issue is whether the logging costs as stated in the contracts and claimed by plaintiff are allowable deductions in determining net stumpage recovery under ORS 321.282.

Plaintiff has made the small owner election under the Western Oregon Severance Tax.[1] The parties do not dispute that plaintiff meets the requirements for this election. Taxpayers qualifying under ORS 321.282 calculate

---

[1] ORS 321.282(4) only applies to:

"An owner who harvests less than 500,000 board feet of timber in the calendar year or who has less than 1,000 acres of forestland in western Oregon, and who, during the 12-month period immediately preceding the due date of the severance tax return, is not engaged in and does not have an ownership interest of more than 10 percent in a business engaged in the processing of timber into wood products * * *." (Citations to the Oregon Revised Statutes are to the 1989 Replacement Part.)

their tax liability on the basis of net stumpage recovery. Net stumpage recovery is the selling price in an arm's-length transaction less either:

> "The logging costs reflected by a written agreement entered into in connection with the logging operation." ORS 321.282(4)(b)(A).

or:

> "Administration, logging and log hauling costs typical for the type of harvest as determined by the department." ORS 321.282(4)(b)(B).

Plaintiff argues that under ORS 321.282(4)(b)(A) he should be able to deduct typical logging costs (as determined by the defendant), or deduct the contract price. Plaintiff believes that defendant cannot look beyond what is contained in the contract, and that the contract price should not be adjusted by defendant. Defendant disallowed certain costs under ORS 321.282(4)(b)(A), which states:

> "The department may analyze the agreement and adjust the contract price to eliminate costs paid by the taxpayer for work or material not connected with logging, log hauling costs and marketing the timber."

Plaintiff claims that the unique nature of his logging operation makes it more expensive than other logging operations. He believes that he maximizes his profit by logging only the largest trees from the thickest groves. Although defendant's witness described this method as analogous to the common practice of thinning, plaintiff believes that no one else logs in this manner. He stated that in arriving at the 65/35 percent split in the logging contract, he was concerned with employing a logger to do exactly what he wanted. His sons were most familiar with his expectations because he and his sons were the only loggers who had worked on the property. Plaintiff stated that he paid the logger well to keep others from hiring it away. He stated that the 65/35 percent contract was the agreement they had used for approximately 38 years. Plaintiff also stated that because the logger uses older equipment to accommodate plaintiff's particular needs, it should be reimbursed for maintaining the equipment. Plaintiff, however, presented no evidence regarding the specific expenses incurred in logging his land.

Defendant's witness, a timber auditor and appraiser, testified that the contract costs claimed by plaintiff are not consistent with the level of services provided. He produced a compilation of small owner information collected from Columbia County's return history database. That information shows that plaintiff's claimed logging costs of 65 percent far exceeded the other small owners in the county. For example, in the second period of 1991, 127 of 153 accounts had logging costs of 40 percent or less; in the fourth period of 1991, 153 of 189 accounts had logging costs of 40 percent or less; and in the second period of 1992, 136 of 164 accounts had logging costs of 40 percent or less. In those three periods, only six other accounts had logging costs over 60 percent. The chart demonstrates that plaintiff's logging costs were from $50 to $100 per thousand board feet higher than the department's typical logging costs. The department's typical logging costs assume a thinning operation, volume per acre removed is less than 3,000 board feet per acre, and that the logs removed are less than 26 feet.

Defendant's witness testified that plaintiff's land is "cruiser friendly" in that it is relatively flat with good roads and access to the timber. In addition, plaintiff only logged the largest trees, thus reducing logging costs per thousand board feet. These conditions would make plaintiff's operation less expensive than other thinning operations in the county.

The witness also testified that a review of the logger's accounts payable ledger showed questionable deductions for items such as dues for the Small Woodlands Association, dues for the Forest Protective Association, dues for the Pacific Rim Trade Association, the license of a farm truck, the purchase of concrete, the payment of a harvest tax, the purchase of fertilizer, the expense of reforestation, the purchase of lumber for a corral, and the payment of wages to family members for nonlogging activities. These expenses are all beyond the scope of ORS 321.282(4)(b)(A), and may be adjusted by defendant accordingly.

■    ORS 305.427 provides that:

"In all proceedings before the tax court * * * a preponderance of the evidence shall suffice to sustain the burden of proof. The burden of proof shall fall upon the party seeking affirmative relief * * *."

■ In this case, plaintiff has not met his burden of proof. He has failed to corroborate his assertion that the contract costs claimed are consistent with the level of the service provided. His assertion that the contract costs should be accepted by defendant without any further investigation is incorrect. The statute clearly authorizes defendant to analyze the agreement and make adjustments so that costs paid for expenses other than logging, log hauling and marketing are not allowed. Plaintiff has failed to demonstrate that the costs included in his contractual agreement meet the requirement of the statute. Accordingly, department's Opinion and Order No. 92-4418 is sustained. Defendant to recover costs.