Argued and submitted January 4, judgment of the Tax Court reversed, and the case remanded to Tax Court for further proceedings March 21, 1996

# George VAN NATTA,
*Appellant,*

*v.*

# DEPARTMENT OF REVENUE,
State of Oregon,
*Respondent.*

## (OTC 3612; SC S42191)

913 P2d 305

Carl N. Byers, Judge.

Robert P. Van Natta, of Van Natta & Petersen, St. Helens, argued the cause and filed the brief for appellant.

Rochelle Nedeau, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief was Theodore R. Kulongoski, Attorney General.

GRABER, J.

## GRABER, J.

Taxpayer appeals from a final judgment of the Tax Court affirming the Department of Revenue's (the department's) disallowance of taxpayer's claimed deductions of contract logging costs for 1991 and the first half of 1992. On *de novo* review, ORS 305.445, we reverse and remand.

Taxpayer has owned the forestland in this case since 1940. During the period at issue, an enterprise known as Van Natta Brothers had a series of contracts with taxpayer to log taxpayer's land. The two partners in Van Natta Brothers, Kay Van Natta and Robert Van Natta, are taxpayer's sons.

Forestland owners in western Oregon that log their property are subject to the Western Oregon Severance Tax (WOST), ORS 321.257. During the period at issue, forestland owners who owned less than 1,000 acres of forestland in western Oregon or logged less than 500,000 board feet of timber in a year, and who met other statutory criteria, could "elect to calculate and pay a tax on the basis of net stumpage recovery from such forestland rather than by the use of the tables prepared" by the department. ORS 321.282(4)(a) (1991).[1]

At issue are contracts that plaintiff submitted with his tax returns for the first and second halves of 1991 and the first half of 1992. The contract for logging services submitted for the first of those filings provided in part:

> "[Taxpayer] will receive 35% of gross receipts and the balance shall go to [Van Natta Brothers] for logging contract services of the type permitted under ORS 321.282(4)(b)(A), and [taxpayer] shall not be required to pay for any work or material not connected with logging, log hauling costs and marketing of the timber and no such services are required under this contract."

---

[1] The legislature amended ORS 321.282(4) (1989) in 1991. Or Laws 1991, ch 459, § 280. Those amendments became effective on July 1, 1991. Or Laws 1991, ch 459, § 452. Thus, ORS 321.282(4) (1989) is the statute that applies to taxpayer's first filing; ORS 321.282(4) (1991) is the statute that applies to taxpayer's second and third filings. However, the 1991 amendments were not substantive and do not affect our analysis. Accordingly, we refer to ORS 321.282(4) (1991) for the remainder of our discussion.

The contracts for the second and third filing periods set base rates for the two parties. Those rates were, however, simply an enumeration of the 35/65 percent gross receipts division established in the first contract. Under the second and third contracts, if Van Natta Brothers did not receive the base rates for the timber set in those contracts, taxpayer would receive 35 percent of the gross receipts and Van Natta Brothers would receive the remaining 65 percent.

Taxpayer made the small owner election under ORS 321.282(4)(a) (1991) and deducted as logging costs the 65 percent of the gross receipts received by Van Natta Brothers. The department disallowed part of those deducted costs and ordered taxpayer to pay the amount in arrears. Taxpayer appealed, and the Tax Court sustained the department's order. *Van Natta v. Dept. of Rev.*, 13 OTR 215, 219 (1995). Taxpayer then brought the present appeal.

ORS 321.282(4)(b) (1991) provided:

"For the purposes of this subsection, 'net stumpage recovery' means the selling price of the logs at a conversion center in an arm's length transaction, less the costs described in one of the following subparagraphs:

"(A) The logging costs reflected by a written agreement entered into in connection with the logging operation. The department may analyze the agreement and adjust the contract price to eliminate costs paid by the taxpayer for work or material not connected with logging, log hauling costs and marketing the timber.

"(B) Administration, logging and log hauling costs typical for the type of harvest as determined by the department."

The department and taxpayer agree that taxpayer qualifies for the election under the requirements delineated in ORS 321.282(4)(a) (1991). The department argues, however, that the logging costs deducted by taxpayer are too high. The department reasons that the term "logging costs" means *reasonable* logging costs and, the department asserts, the logging costs paid to Van Natta Brothers under the contracts were not reasonable, because they were not based on market value.

Taxpayer counters that, under ORS 321.282(4) (1991), his deductions were proper, because the 65 percent of the gross receipts that went to Van Natta Brothers constituted "logging costs" as that term is used in ORS 321.282(4)(b)(A) (1991). In that regard, taxpayer makes two arguments. First, taxpayer asserts that the statute does not require actual logging costs to be reasonable. Second, taxpayer argues that, under ORS 321.282(4) (1991), in analyzing "logging costs" claimed by taxpayer, the department may look only at the face of the written agreement.

■ In order to resolve this case, we must interpret ORS 321.282(4)(b)(A) (1991). *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993) (explaining method of analyzing statutes). We begin with taxpayer's argument that the logging costs claimed by taxpayer under ORS 321.282(4)(b)(A) (1991) need not be reasonable as long as they are reflected in a written agreement.

The text of ORS 321.282(4)(b)(A) (1991) supports taxpayer's argument. That statute permits a taxpayer to deduct *"[t]he* logging costs reflected by a written agreement entered into in connection with the logging operation." (Emphasis added.) The text contains no reasonableness requirement restricting the amount of logging costs that a taxpayer is entitled to deduct. It simply refers to "[t]he" logging costs, whatever they are. The only limitations placed on logging costs that a taxpayer may claim is that those costs must be (1) "connected with logging, log hauling costs and marketing the timber" and (2) "reflected by a written agreement."

The context of ORS 321.282(4)(b)(A) (1991) also supports taxpayer's argument. ORS 321.282(4)(b)(A) (1991) is the only provision in ORS 321.282(4)(b) that does *not* contain a market-based or reasonableness standard. In ORS 321.282(4)(b), "net stumpage recovery" is defined as "the selling price of the logs at a conversion center *in an arm's length transaction*." (Emphasis added.) In ORS 321.282(4)(b)(B) (1991) a taxpayer is given the option of deducting *"typical"* costs "as determined by the department." (Emphasis added.) The legislature's omission of a similar market based standard in ORS 321.282(4)(b)(A) indicates a legislative intent

not to place such a restriction on "logging costs" claimed under that subsection. *See PGE*, 317 Or at 611 ("use of a term in one section and not in another section of the same statute indicates a purposeful omission").

After our review of the text and context of ORS 321.282(4)(b)(A) (1991), we conclude that the legislature placed no reasonableness or market-value limitation on the amount of the actual "logging costs" that a taxpayer may claim under that subsection. The Tax Court erred when it held otherwise.[2]

■ Taxpayer next argues that, under ORS 321.282-(4)(b)(A) (1991), the department does not have the authority to look beyond the face of the written agreement to determine whether the claimed deductions *actually are* for "costs paid by the taxpayer for work or material * * * connected with logging, log hauling costs and marketing the timber." Taxpayer argues that "the presence of a written contract for logging services together with evidence that the sums provided for in the contract are actually paid is sufficient to entitle the taxpayer to claim the deduction."

We disagree with taxpayer's proposed reading of the statute. The statutory directive to the department to "*analyze* the agreement and *adjust* the contract price to *eliminate* costs paid by the taxpayer for work or material not connected with logging, log hauling costs and marketing the timber," ORS 321.282(4)(b)(A) (1991) (emphasis added), necessarily carries with it the authority to require proof that costs claimed as a deduction actually were connected with logging, log hauling, and marketing timber. Otherwise, the department would be the prisoner of the parties' labeling of their

---

[2] The department argues that the legislative history surrounding the passage of ORS 321.282(4)(b)(A) (1991) suggests that the legislature intended to allow a taxpayer to deduct only *reasonable* logging costs. We do not necessarily disagree with the department's reading of the pertinent legislative history. However, because the meaning of ORS 321.282(4)(b)(A) (1991) is clear from the text and context of that provision, legislative history does not detract from that meaning. *See PGE*, 317 Or at 611-12 ("If, but only if, the intent of the legislature is not clear from the text and context inquiry, the court will then move * * * to consider legislative history to inform the court's inquiry into legislative intent.").

Because of our holding, we also do not decide whether the logging costs that taxpayer claimed here are "reasonable."

contract, and the department's authority to "adjust the contract price" would be meaningless. Based on the text and context of the statute, we conclude that the department is permitted to look beyond the face of the contract to determine whether the costs claimed by a taxpayer under ORS 321.282(4)(b)(A) (1991) are actual "logging costs."

In summary, then, we hold that there is no market-based or reasonableness limitation on the amount of contract "logging costs" that a taxpayer may deduct under ORS 321.282(4)(b)(A) (1991). We also hold that the department may look beyond the face of such a contract to determine whether the costs claimed are, in fact, costs "connected with logging, log hauling costs and marketing the timber." To be deductible, the costs must be costs actually incurred for those purposes.

The Tax Court held that there was a "reasonableness" limitation on the amount of contract "logging costs" that a taxpayer could claim under ORS 321.282(4)(b)(A) (1991). 13 OTR at 219. That holding was erroneous. The Tax Court also concluded that some of the "logging costs" claimed in the contract were not costs "connected with logging, log hauling costs and marketing the timber." 13 OTR at 218. That conclusion was not necessarily erroneous, although we have not considered the correctness of disallowing any specific portion of the claimed logging costs. That is so because the Tax Court upheld the department's order modifying the amount that taxpayer could deduct under ORS 321.282-(4)(b)(A) (1991) without differentiating between its erroneous conclusion concerning the "reasonableness" of taxpayer's claimed deductions and its potentially correct conclusion concerning taxpayer's improper inclusion of costs "not connected with logging, log hauling costs and marketing the timber." We are unable to discern, from the Tax Court's opinion or from the record below, what costs, if any, the Tax Court concluded were claimed improperly as "logging costs" by taxpayer. Accordingly, we remand this case to the Tax Court so that it may determine what costs claimed by taxpayer actually were contract "logging costs" under ORS 231.282(4)(b)(A) (1991).[3]

---

[3] ORS 321.282(4)(c) (1991) provided that the "department may require such proof from the taxpayer as it deems necessary to determine" the amount of tax

The judgment of the Tax Court is reversed, and the case is remanded to the Tax Court for further proceedings.

.

.

owed by a taxpayer under ORS 321.282(4)(b)(A) (1991). Accordingly, on remand, the burden of proof will be on the taxpayer to substantiate its claim that costs deducted under ORS 321.282(4)(b)(A) (1991) are "logging costs" as that term is used in that statute. Costs that are not "connected with logging, log hauling costs and marketing the timber" may not be deducted under ORS 321.282(4)(b)(A) (1991). For example, costs associated with farming, or gifts from a taxpayer to a logger, would not be deductible under ORS 321.282(4)(b)(A) (1991). But, as we have explained, the "reasonableness" of the contract price is not a gauge of whether that price is the price paid for actual costs of logging, log hauling, and marketing timber.